IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND
Civil Division

SEAN D. COOK  
1835 Knoll Drive  
Oxon Hill, MD 20745  

    As Assignee and  
    Judgment Creditor of  
    Antonio C. Alvarez  

    Plaintiff  

vs.                            CAL 13-04746

NATIONWIDE INSURANCE COMPANY  
One Nationwide Plaza  
Columbus, OH 43215-2220  

SERVE  
The Corporation Trust  
 Incorporated  
351 West Camden Street  
Baltimore, MD 21201  

and/or  

NATIONWIDE MUTUAL INSURANCE  
 COMPANY  
One Nationwide Plaza  
Columbus, OH 43215-2220  

SERVE  
The Corporation Trust  
 Incorporated  
351 West Camden Street  
Baltimore, MD 21201  

and/or

NATIONWIDE GENERAL :
 INSURANCE COMPANY :
One Nationwide Plaza :
Columbus, OH 43215-2220 :
 :
**SERVE** :
The Corporation Trust :
 Incorporated :
351 West Camden Street :
Baltimore, MD 21201 :
 :
    and :
 :
ERIC C. HITZEL :
7987 Millstone Court :
Severn, MD 21144 :
 :
    Judgment Debtors :
 :
ANDREW B. GREENSPAN :
400 Deerspring Court :
Millersville, MD 21108 :
 :
    and :
 :
LAW OFFICES OF :
 ANDREW B. GREENSPAN :
1302 CONCOURSE DRIVE :
SUITE 300 :
LINTHICUM, MD 21090 :
 :
**SERVE** :
Andrew B. Greenspan, Esquire :
1302 Concourse Drive :
Suite 300 :
Linthicum, MD 21090 :
 :
    Defendants :

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Sean D. Cook, by counsel, Costello & Edwards, LLC, and sues the Defendants, Nationwide Insurance Company, Nationwide Mutual Insurance Company, Nationwide General Insurance Company (hereinafter "Nationwide"), Eric C. Hitzel, Andrew B. Greenspan, and Law Offices of Andrew B. Greenspan, their employer, and as grounds therefore states:

### COUNT I (Bad Faith/Negligence)

1. That the Plaintiff, Sean D. Cook, is an adult citizen of the United States residing in Prince George's County, Maryland.

2. That the Defendants, Nationwide Mutual Insurance Company, Nationwide Insurance Company and Nationwide General Insurance Company, (hereinafter "Nationwide") are corporate entities licensed to and doing business in Prince George's County, Maryland.

3. That the Defendant, Eric C. Hitzel, is an adult citizen of the United States residing in Anne Arundel County, Maryland.

4. That the Defendant, Andrew B. Greenspan, is an adult citizen of the United States residing in Anne Arundel County, Maryland.

5. That the facts giving rise to this action occurred in Prince George's County, Maryland.

6. That venue is proper in Prince George's County, Maryland.

7. That on or about August 1, 2008, the Plaintiff, Sean D. Cook, was involved in a motor vehicle accident with Antonio C. Alvarez, on Bock Road at Belfast Drive in Oxon Hill, Prince George's County, Maryland.

8. That the accident was caused by the negligence of Antonio C. Alvarez, when he negligently failed to yield the right-of-way to the Plaintiff, executing a left turn in front of Plaintiff causing a collision in the intersection of Bock Road and Belfast Drive.

9. That Antonio C. Alvarez was grossly intoxicated at the time of the occurrence, was operating on a suspended license, and had a past history of driving while intoxicated under similar circumstances.

10. That as a result of the accident, Plaintiff, Sean Cook was severally injured, suffering numerous injuries, including but not limited to a compound comminuted fracture of his left femur.

11. That the Plaintiff required multiple days of hospitalization, extended physical therapy, and incurred substantial medical expenses and permanent disability.

12. That at the time of the accident, Antonio C. Alvarez was insured with the Defendants, Nationwide, under an automobile liability insurance policy, #5219E338951.

13. That the policy provided that the insurers would appoint their attorney to defend Mr. Alvarez against any lawsuits arising out of an automobile accident occurring within the coverage period, as well as to pay all expenses incurred, plus policy limits with respect to liability, and interest on any judgment.

14. That the Defendants Nationwide were informed of the serious nature of Plaintiff's injuries, and his extended hospitalization, within one month of the accident, and was requested to advise Plaintiff's counsel at that time of Mr. Alvarez's policy limits with Nationwide.

15. The Nationwide adjuster refused to disclose the policy limits.

16. As a result of Nationwide's refusal to disclose Mr. Alvarez's policy limits, a civil suit was filed on behalf of Plaintiff against Mr. Alvarez (the insured) in the Circuit Court for Prince George's County, Maryland, CAL 08-23751 on September 15, 2008.

17. The trial in that matter began on June 21, 2010 in the Circuit Court for Prince George's County, Maryland in Upper Marlboro, Maryland.

18. That liability was so clear, from the beginning, that Nationwide, through their appointed counsel, admitted liability, albeit one week before trial.

19. That the Defendants Nationwide hired Eric Hitzel, and Andrew B. Greenspan, Attorneys at Law, to represent the interest of Antonio C. Alvarez pursuant to the aforesaid policy of insurance.

20. That on the first day of trial, the Defendants, Nationwide sent their duly authorized servant, agent and/or employee, on their behalf, to settle the matter with Plaintiff.

21. Plaintiff, through counsel, advised the Defendants Nationwide, through its designated representatives, expressly sent to settle the case, that the Plaintiff would settle for the policy limits of $50,000.00 plus $21,000.00 in trial costs incurred as a result of the necessity of filing suit and Nationwide's previous refusal to identify policy limits.

22. That Defendants Nationwide' agent, advised that he thought that the demand to settle was fair, reasonable, and would recommend it to Nationwide Insurance Company.

23. That the Defendants Nationwide, through its duly authorized agents, Eric C. Hitzel and Andrew B. Greenspan, rejected the demand to settle and made a counteroffer, to settle for the sum of $50,000.00 policy limits plus $4,000.00 in trial costs.

24. That the Plaintiff, Sean Cook did not and could not accept such offer in light of the expenses he had incurred in the prosecution of this matter, as a result of Defendants' Nationwide's initial refusal to disclose its policy limits.

25. That as a result of Nationwide's refusal to pay $50,000.00, plus $21,000.00 in costs the matter went to trial against Nationwide's insured, Antonio C. Alvarez, and a judgment was returned against their insured on June 22, 2010 in the amount of $892,050.52.

26. That at all times material, Nationwide, and its employees, Eric Hitzel and Andrew B. Greenspan, had a duty, to exercise good faith, in negotiation and resolution of any and all claims against Defendants, Antonio C. Alvarez, their insured and client.

27. That duty included, but was not necessarily limited to:

    A. Advising their insured and client of all efforts to settle that were within or close to the insured's limits.

    B. At all times advising both the insured and client, and the insurer, of the insurer's obligation to pay reasonable expenses and costs incurred by the insured.

      C.      To negotiate in good faith the resolution of the claim and to promote the interest of their insured, above their monetary interest.

28. That the Defendants Nationwide, individually and through their employees, including but not limited to Eric C. Hitzel, and Andrew B. Greenspan, negligently failed to exercise good faith in the resolution of the claim against their insured and client, in a number of ways, by failing to advise their insured of the opportunity to settle the case within or near policy limits, by rejecting the advice of Nationwide's duly authorized representative who expressly stated that he would recommend settlement of the claim for $50,000.00, plus $21,000.00 in costs, by failing to advise Nationwide to pay the costs in question when it had the authority and obligation to do so and by otherwise failing to promote and protect the interest of its insureds above their own monetary interest.

29. That as a result of the aforesaid negligence of the Defendants, their exercise of bad faith, their failure to exercise good faith, the Plaintiff obtained a judgment against Nationwide's insured, Mr. Alvarez, in the amount of $892,050.52 when the case could and should have been settled within policy limits, plus costs expressly provided for within the policy and/or that were within the control of the Defendants Nationwide to pay.

30. That as a result of the Defendants' aforesaid acts their insured and client has incurred a liability of some $850,000.00 plus interest accruing at the rate of ten percent per annum from June 30, 2010 to date and continuing.

31. That Antonio C. Alvarez has executed an Assignment of any and all rights he has against Nationwide Insurance Company and their attorneys, Andrew B. Greenspan and/or Eric Hitzel, of any and all claims that he has against them as a result of actions as heretofore alleged to Plaintiff, Sean Cook.

32. That the Judgment of $850,000.52 plus costs, expenses and interest remain unpaid.

WHEREFORE, the Plaintiff, Sean D. Cook, as assignee of Antonio Alvarez, sues the Defendants, Nationwide Mutual Insurance Company, Nationwide General Insurance Company and Nationwide Insurance Company, Eric C. Hitzel, and Andrew B. Greenspan and the Law Offices of Andrew B. Greenspan in the amount of $1,000,000.00, plus costs, interest and attorney's fees.

COSTELLO & EDWARDS, LLC
By: _____
John F.X. Costello
5845 Allentown Road
Camp Springs, MD 20746
(301) 925-9080

**DEMAND FOR JURY TRIAL**

The Plaintiff demands trial by jury as to all issues contained herein.

_____
John F.X. Costello

-9-