IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| SEAN D. COOK | : |
|     Plaintiff | : |
| v. | : Civil Case No. PWG-13-cv-00882 |
| NATIONWIDE INSURANCE COMPANY,<br> et al. | : |
| and/or | : |
| NATIONWIDE MUTUAL INSURANCE<br> COMPANY | : |
| and/or | : |
| NATIONWIDE GENERAL INSURANCE<br> COMPANY | : |
| and | : |
| ERIC C. HITZEL | : |
| and | : |
| ANDREW B. GREENSPAN | : |
| and | : |
| THE LAW OFFICES OF<br> ANDREW B. GREENSPAN | : |
| | : |
|     Defendants | : |

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

    COMES NOW the Plaintiff, Sean D. Cook, by counsel, and opposes the Defendant's Motion to Dismiss the complaint herein and as grounds therefore states:

1. That the Honorable Court lacks subject jurisdiction over this matter and therefore the authority to dismiss this action brought by a citizen of the State of Maryland against resident Defendants.

2. That the Plaintiff has set forth causes of action against the corporate and individual Defendants.

3. That the Plaintiff has filed an amended complaint pursuant to Rule 15A.

4. That that amended complaint clearly sets forth causes of action for bad faith, negligence, breach of contract, malpractice, breach of fiduciary duty.

5. That those claims against the aforesaid Defendants state a cause of action.

6. That the Defendants' Motion to Dismiss should be denied and this matter remanded to the Circuit Court for Prince George's County.

7. And for such other and further reasons as are more fully set forth in the attached Memorandum of Points and Authorities.

                                        COSTELLO & EDWARDS, LLC

                                        By:  /s/John F.X. Costello
                                                John F.X. Costello
                                                5845 Allentown Road
                                                Camp Springs, MD 20746
                                                (301) 925-9080

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on this 6th day of May, 2013, a copy of the Amended Complaint was electronically filed and served upon:

Kambon Raymond Williams, Esquire
Patricia McHugh Lambert, Esquire
Pessin Katz Law, P.A.
901 Dulaney Valley Road
Suite 400
Towson, MD 21204

               /s/John F.X. Costello

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| SEAN D. COOK | : |
|     Plaintiff | : |
| v. | : Civil Case No. PWG-13-cv-00882 |
| NATIONWIDE INSURANCE COMPANY, et al. | : |
| and/or | : |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : |
| and/or | : |
| NATIONWIDE GENERAL INSURANCE COMPANY | : |
| and | : |
| ERIC C. HITZEL | : |
| and | : |
| ANDREW B. GREENSPAN | : |
| and | : |
| THE LAW OFFICES OF ANDREW B. GREENSPAN | : |
| | : |
|     Defendants | : |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION.**

    The Plaintiff, Sean D. Cook, filed suit in one count sounding in "Bad Faith/Negligence" against the corporate and

-4-

individual Defendants alleging that they exercised bad faith, negligently handled the defense of Plaintiff's claim against their insured, and negligently failed to inform their insured of the possibility of settlement resulting in an excess verdict against their insured.

The Defendants then filed a petition to remove this matter to the United States District Court for the District of Maryland on the representation that the Plaintiff, Sean Cook, fraudulently joined the individual Defendants, that such individuals could not under any circumstances be responsible for bad faith, and therefore the Plaintiff could not state a cause of action against said Defendants. (See Defendant's Notice of Removal).

The Defendants now file a motion to dismiss contending that under Maryland law Plaintiff has failed to set forth a cause of action against any Defendants and that they are entitled to this court's exercise of jurisdiction to dismiss all claims.

It is clear that the Defendants do not understand the Plaintiff's claim against them. Accordingly, the Plaintiff has, pursuant to FRCP 15(a) filed an amended complaint which is attached hereto and incorporated by reference herein.

While the Defendants filed a motion to dismiss, they did not file a responsive pleading to Plaintiff's claim and

therefore Plaintiff is entitled to file the instant amended complaint without leave of court.  See *Hill v. City of Indianapolis*, 17 F.3d 1016 (7th Cir. 1994); *Schnabel v. Building and Construction Trades Council of Philadelphia and Vicinity, AFL-CIO*, 63 F.S.1030 (USDC ED PA 1983).

As stated in *Schnabel, supra,*

> "Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course at any time before a responsive pleading is served...Rule 7(a) defines pleadings as a complaint and an answer, a reply to a counter claim; an answer to a counter claim, a third party complaint; and a third party answer...By interpreting these two rules together it is almost universally held that a motion to dismiss does not constitute a responsive pleading which terminates a plaintiff's right to amend as a matter of course."  *Id. at 1035*

The purpose of the amended complaint is to clarify the factual basis for Plaintiff's claim against the Defendants' insurers, and the attorneys.

**II. DEFENDANT'S MOTION TO DISMISS IS BASED UPON CERTAIN FUNDAMENTAL MISUNDERSTANDINGS OF THE FACTUAL BASIS FOR PLAINTIFF'S CLAIM.**

Initially, the Defendants represent to the court that the only cause of action brought against Defendants' movants is a bad faith claim.

While in-artfully worded, the allegations of the original complaint clearly spell out that the Defendants not only committed by faith, but were also negligent in the handling of

-6-

the defense of the claim from the standpoint of the insurer, as well as the insured's attorneys.

Stated simply, at a minimum, the original complaint sets forth causes of action in both bad faith, and negligence.

The Defendant stridently represents to the court that in order for there to be a claim for bad faith there must be an expressed demand within policy limits.  The Defendant thereafter alleges that Plaintiff's demand for $50,000, plus trial costs was not within policy limits.  Defendants disregard the clear factual allegations of the complaint that allege that said demand was in fact within policy limits.  For purposes of this matter, Plaintiff's allegations must be considered true.  See *O'Hair v. U.S., 281 F.S.815 (DCDC 1968); Skinner v. U.S., 209 F.S.854 (Ed Ill. 1960)*.

Defendant alleges that under no circumstances can the attorneys, be responsible, for the bad faith of their employer Nationwide.

Fundamentally, the Defendants are wrong when they represent to the court that a bad faith claim in Maryland is recognized only when an insurance carrier fails to pay a demand within policy limits.  Defendants refer the court to *Caruso v. Republic Insurance Company, 558 F.Supp. 430, 432*.  There, the court cited,

-7-

> "In Maryland a cause of action for breach of fair dealing in good faith has been limited to claims by the insured against the insurer for failure to settle third party liability claims for amounts within policy limits..." *558 F.Supp. 430, 432.*

That statement was made in the context of determining whether Maryland had recognized a cause of action for first party bad faith, i.e., an insurer's failure to pay their own policy holder the benefits of their policy.

Although the cite is accurate, it is respectfully taken out of context. Maryland has recognized that a number of actions, by an insurer, can constitute the tort of bad faith. See *State Farm Mutual Automobile Insurance Company v. White, 248 Md at 332, 236 A.2d 273 (1973)*, the Court of Appeals stated,

> "In applying a good faith theory the courts have found that the presence of one or more of the following acts or circumstances may affect the 'good faith' posture of the insurer: the severity of the plaintiff's injuries giving rise to the likelihood of a verdict greatly in excess of the policy limits; lack of proper and adequate investigation of the circumstances surrounding the accident; lack of skillful evaluation of plaintiff's disability; failure of the insured to inform the insured of a compromise offer within or near the policy limits; pressure by the insurer on the insured to make a contribution towards a compromised settlement within the policy limits, as an inducement to settlement by the insurer; and acts which demonstrate a greater concern for the insured's monetary interest than the financial risk attendant to the insured's predicament."

The court did not hold that a failure to settle a claim within policy limits is the only basis upon which a party may

-8-

claim the insurer committed the tort of bad faith. This was recognized in *Allstate Insurance Company v. Campbell, 334 Md. 381, 639 A.2d 652 (1994)*. The Court of Appeals had the opportunity to generally describe what acts can constitute bad faith by an insurer where it states,

> "It is generally held that if a liability insurer acts improperly in defending the insured it may become liable to the insured for the amount of judgment obtained against the insured which is in excess of the policy limits. See Annotation, Insurers Bad Defense - Liability, 34 ALR.3d 533, Section 2(a) at 537. Thus, if the insurer, in bad faith fails to negotiate and bring about a settlement, the damage to the insured generally will be any excess judgment. (Cases cited)."

See also, *Solus v. Lumberman's Mutual Casualty Company, 393 F.Supp.661, at 673 (DMD 1975), aff'd, 532 F.2d 751 (4th Cir. 1976),*

> "Again, an insurer has a duty to conduct or defend the insured's defense with reasonable care and it will be liable for an excess verdict caused by its negligence."

In Maryland, then, it has been recognized, generally that the improper handling of a defense, can constitute both bad faith and negligence.

Plaintiff has specifically alleged in this matter, that Nationwide was advised, by their attorney, Jeffrey R. DeCaro, that Plaintiff's demand to settle this matter for $50,000 plus trial costs was fair and he recommended that they do so. Courts nationwide have specifically recognized that an insurer

commits bad faith and/or is negligent when it rejects the recommendations made by its own counsel in terms of settling a case. See *Levier v. Koppenheffer, 879 P.2d 40 at 46-47.* There the court recognized an element of an insurer breaching its duty of good faith to its insured is the insured's rejection of advice of its own attorney or agent.

Here, Plaintiff has specifically alleged that on the first day of trial, Jeffrey R. DeCaro was sent by Nationwide Insurance Company to settle the claim with Plaintiff's counsel. Plaintiff's counsel tendered a demand to Mr. DeCaro of $50,000, plus trial costs. Mr. DeCaro represented that he thought that demand was fair and that he would recommend it.

The Defendant Nationwide rejected Mr. DeCaro's advice and made a counter-offer which was rejected, resulting in a substantial excess verdict which cannot be discharged under bankruptcy rules.

At this stage of the pleadings the Plaintiff has alleged that the demand to settle for $50,000, plus trial costs was within the terms of the Defendant's policy. For purposes of Defendant's motion that allegation must be considered as true. See *O'Hair v. U.S., 281 F.S815 (DCDC 1968).*

The Plaintiff's allegations of fact state a claim for relief, plausible on its face. See *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 LED.2d 868 (2009).*

-10-

A fair review of the policy indicates that the terms expenses and costs, referenced therein, is at best ambiguous.

Paragraph 3 - Property damage and bodily injury liability coverage provides,

> "We will pay such liability losses up to the limits stated in the declarations. In addition to these limits and as to any covered damages we will: 1) defend at our expense, with attorneys of our choice, any suit against the insured. We may settle our defend any claim or suit as we think proper, b) pay: 1) all expense incurred by us and 2) all costs levied against the insured in any such suit, or after the limits of this coverage have been paid we will not defend any suit or pay any claim or judgment."

The Defendants go to great lengths to argue their interpretation of the term "costs" for purposes of the motion to dismiss. As a practical matter if Defendants' interpretation of the term "costs" was correct, then Nationwide did not have the authority, or coverage, to offer $4,000 in costs under the terms of their policy. Furthermore, Nationwide, through its agent, Jeffrey R. DeCaro, did not have the authority to represent to counsel for the Plaintiff that he thought the demand to settle for $50,000 and trial costs was fair and that he would recommend it.

To the extent that the term "costs" in the above policy is ambiguous, its counsel's actions as recited above must be taken into consideration in the interpretation of those provisions at least for pleading purposes at this juncture. An attorneys'

representations are admissible against his clients.  See *Secor v. Brown, 221 Md. 119, 156 A.2d 225; Prince George's Properties v. Rogers, 275 Md. 582, 341 A.2d 804 (1975); Mercantile Trust and Deposit Co. v. Rode, 137 Md. 362, 112 A 574 (1921)*.

Specifically, to the extent Andrew Greenspan offered $4,000 in costs, that constitutes the admission that they are counsel under the policy.  Mr. DeCaro's representation that the demand to settle for $21,000 in costs is likewise admissible on the issue of whether the costs were covered under the policy.

Where there is an ambiguity the interpretation placed upon a contract by the parties is afforded substantial weight.  See *RFC v. Sherwood Distilling Co., to the use of Hoffenberg, 200 F.2d 672 (CA 4 1952); Anne Arundel County v. Crofton Corp., 286 Md. 666, 410 A.2d 228 (1980); Walker v. Associated Dry Goods Corp., 231 Md. 168, 189 A.2d 91 (1963)*.

If a contract is ambiguous the disputed language should be read in light of all surrounding facts and circumstances including conduct of parties.  See *American Building Maintenance Co. v. L'Enfant Plaza Properties, Inc., 655 A.2d 858 (DC App. 1995)*.

In short, the fact that attorney Andrew B. Greenspan, offered $4,000 on behalf of Nationwide towards Plaintiff's

trial costs is inconsistent with the argument now made by counsel that the term "costs" in the policy are only owed court costs levied against the insured.

Similarly, Jeffrey DeCaro's representation that he thought that Plaintiff's demand to settle for $50,000 plus trial costs was fair and he would recommend that to Nationwide constitutes an admission, that Nationwide's agents, at the time, thought that trial costs were an expense or cost covered under the terms of their insured's policy, or otherwise their obligation.

Respectfully, it is premature to litigate the disputed definition of costs and/or expenses under the policy.  See *Druker v. Sullivan, 334 F.S.801, aff'd, 458 F.2d 1272 (DCMASS 1971)*.  Plaintiff has alleged, based upon the conduct of the Defendants' own agents, that the costs in question were covered under the policy.  For purposes of the instant motion that is sufficient.

The Defendants' claim that the attorney Defendant, as strangers to the policy can have no liability for a claim of bad faith arising from the policy is misplaced.

The cite to *Caruso v. Republic Insurance, 558 F.Supp.430, 432 (DMD 1983)* is taken out of context.

Plaintiff has alleged that the Defendants, attorneys, were the servants, agents and employees of the Defendant Nationwide with respect to the actions that they were performing. Whether

-13-

Plaintiff's claim against those Defendants, is in negligence, malpractice, or bad faith, for present purposes is of no moment.  Obviously, these two house counsel owed their client, who was a Nationwide insured, a duty to exercise reasonable care in the defense of this matter.  It is alleged that they failed to do so.  That allegation is identical to the allegations of bad faith and negligence against the corporate Defendants.  For present purposes, the allegation again is sufficient.  See *O'Hair v. U.S., supra*.

It is clear, that the Plaintiff, as assignee, of Antonio Alvarez, a Nationwide insured, and the client of Eric C. Hitzel and Andrew B. Greenspan can set forth causes of action against the attorney individual Defendants.  At the present time it is undisputed that the individual Defendants were the employees of the corporate Defendants in their representation of Antonio Alvarez.  It is also admitted, by the Defendants, that the Plaintiff is a citizen of the State of Maryland as are Mr. Hitzel and Mr. Greenspan.

It is difficult to fathom the concept that the joinder of the individual attorneys and their employer in a negligent/malpractice suit is a fraudulent joinder.  The Defendants cite no case for that proposition.  It is clear that the Honorable Court lacks diversity jurisdiction.  See 28 U.S.C. Section 1332(a)(1).

In conclusion:

1. Plaintiff has set forth causes of action for bad faith, negligence and breach of contract under Maryland law against the insurer.
2. Plaintiff has set forth a cause of action in negligence and breach of fiduciary duty against the individual Defendants.
3. It is undisputed that the individual Defendants are employees of the corporate Defendants.
4. It is undisputed that the individual Defendants, like the Plaintiff, are citizens of Maryland.

Accordingly, it is respectfully requested that the Honorable Court deny the Motion to Dismiss and remand this matter to the Circuit Court for Prince George's County.

>COSTELLO & EDWARDS, LLC
>
>By: /s/John F.X. Costello
>John F.X. Costello
>5845 Allentown Road
>Camp Springs, MD 20746
>(301) 925-9080

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| SEAN D. COOK | : |
|       Plaintiff | : |
| v. | : Civil Case No. PWG-13-cv-00882 |
| NATIONWIDE INSURANCE COMPANY, et al. | : |
| and/or | : |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : |
| and/or | : |
| NATIONWIDE GENERAL INSURANCE COMPANY | : |
| and | : |
| ERIC C. HITZEL | : |
| and | : |
| ANDREW B. GREENSPAN | : |
| and | : |
| THE LAW OFFICES OF ANDREW B. GREENSPAN | : |
| | : |
|       Defendants | : |

**<u>ORDER</u>**

     The Defendants' Motion to Dismiss having been read and considered, along with Plaintiff's opposition thereto, and a

Hearing having been held thereon, it is this \_\_\_\_\_ day of May, 2013, by the United States District Court for the District of Maryland,

**ORDERED**, that the Motion to Dismiss be and is hereby **DENIED**, and it is further,

**ORDERED**, that this matter be, and is hereby **REMANDED** to the Circuit Court for Prince George's County for all purposes.

_____
J U D G E

Copies to:

John F.X. Costello, Esquire
5845 Allentown Road
Camp Springs, MD 20746

Kambon Raymond Williams, Esquire
Patricia McHugh Lambert, Esquire
Pessin Katz Law, P.A.
901 Dulaney Valley Road
Suite 400
Towson, MD 21204