**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Southern Division)

| | |
|---|---|
| SEAN D. COOK | * |
| Plaintiff, | * |
| v. | * CIVIL CASE NO.: 8:13-cv-00882 |
| NATIONWIDE INSURANCE COMPANY, et al | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

Defendants Nationwide Insurance Company, Nationwide Mutual Insurance Company, and Nationwide General Insurance Company (hereinafter, individually and collectively, referred to herein as "Nationwide") and Defendants Eric C. Hitzel and Andrew B. Greenspan, and Putative Defendant the Law Offices of Andrew B. Greenspan (hereinafter, individually and collectively, referred to herein as the "Attorney Defendants")(all of the Defendants being globally referred to herein as "Defendants"), by their undersigned counsel, pursuant to FRCP 12(f)(2), files this Motion to Strike Plaintiff's Amended Complaint, for the reasons set forth below:

### I. INTRODUCTION

As discussed herein, Defendants object to the filing of Plaintiff's Amended Complaint and seek to strike it for two reasons.

First, the Amended Complaint was untimely filed because (even counting the additional three (3) days provided under FRCP 6(d) for electronic service) Plaintiff's FRCP 15(a)(1)(B) twenty-one (21) day deadline to file his Amended Complaint, "as a matter of course", expired on April 22, 2013 (24 days after Defendants filed their Motion to Dismiss on March 29, 2013). Here, Plaintiff's Amended Complaint was not filed until May 6, 2013.

Second, Plaintiff should not be permitted to respond to Defendants' Motion to Dismiss with both an Amended Complaint and an Opposition to Defendants' Motion to Dismiss (particularly whereas here Plaintiff prejudices Defendants by relying upon new allegations and/or claims asserted in the Amended Complaint in arguing both his Motion to Remand and in arguing his Opposition to Defendants' Motion to Dismiss).

Based upon these arguments, Defendants seek to strike the proposed Amended Complaint.

## II. PROCEDURAL BACKGROUND

On or about February 19, 2013, Plaintiff Sean D. Cook (hereinafter "Plaintiff") commenced an action against Defendants in the Circuit Court for Prince George's County, Maryland. That action bears the same title as above and is docketed in the Circuit Court of Maryland as Case No. CAL13-04746. On or about February 22, 2013, Nationwide General Insurance Company was served with Plaintiff's Complaint.

On March 22, 2013, the instant action was removed to this Court. (*See* Doc. 1). On March 29, 2013, Defendants filed their Motion to Dismiss Plaintiff's Complaint. (*See* Doc. 7). On April 18, 2013, the parties filed a Consent Motion for Extension of Time to provide Plaintiff with 14 additional days to file his opposition to Defendants' Motion to Dismiss. (*See* Doc. 8).

As is reflected in the Memorandum in Support of the Consent Motion for Extension of Time, the additional time was needed by Plaintiff because Plaintiff's Counsel, John Costello, "through gross oversight failed to realize that the motion had been filed." (*See* Doc. 8-1). Notably, the extension was "to oppose [Defendants'] dispositive motion", not to file an Amended Complaint. On April 19, 2013, this Court granted the aforementioned Consent Motion by way of paperless order and instructed Plaintiff to file his response to Defendants' Motion to Dismiss by May 6, 2013. (*See* Doc. 10).

On May 6, 2013, Plaintiff filed both an Opposition to Defendants' Motion to Dismiss and an Amended Complaint. (*See* Doc. 14 & 16). In addition to the Count I: Bad Faith/Negligence claim that was included in Plaintiff's original Complaint, the Amended Complaint added the following: Count II: Negligence, Count III: Breach of Contract, (Count IV is missing), Count V: Legal Malpractice/Negligence, and Count VI: Breach of Fiduciary Duty.[1]

Defendants believe that all or substantially all of the putative claims in the Amended Complaint are not sustainable as a matter of law. While Defendants reserve the right to file a motion to dismiss if this Court ultimately allows such an amendment, the purpose of the instant motion is to contest the procedural propriety of the Amended Complaint. As discussed below, Defendants submit that the amendment should not be allowed at this time.

## II.    ARGUMENT

### A.    Plaintiff's Amended Complaint is Untimely Under FRCP 15(a).

---

[1] The Deputy Clerk of this Court issued a Quality Control Notice on May 8, 2013, instructing that the Amended Complaint filed by Plaintiff needed to be corrected because it did not include a redline copy. (*See* Doc. 17). As Defendants are not certain whether that error delays the time in which Defendants must respond to the Amended Complaint, the instant Motion is filed under the assumption that the response time will run from May 6, 2013, notwithstanding Plaintiff's technical error.

It is clear that under FRCP 15(a)(1)(B) the May 6, 2013 filing of the Amended Complaint was untimely. Pursuant to FRCP 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course within...(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12 (b), (e), or (f), whichever is earlier." Here, Defendants' Motion to Dismiss, which was filed pursuant to FRCP 12(b)(6), triggered the running of that clock on March 29, 2013. Even counting the additional three (3) days provided under FRCP 6(d) for electronic service, Plaintiff's FRCP 15(a)(1)(B) twenty-one (21) day deadline to file his Amended Complaint, "as a matter of course", expired on April 22, 2013 (24 days after Defendants filed their Motion to Dismiss on March 29, 2013).

Defendants note that there was a Consent Motion filed by the parties to allow Plaintiff additional time "to oppose [Defendants'] dispositive motion". No extension was granted by the parties which would allow Plaintiff additional time to file an Amended Complaint. Thus, nothing in the Consent Motion tolled the running of the FRCP 15(a)(1)(B) twenty-one (21) day clock to amend that was triggered when Defendants filed their Motion to Dismiss.

Plaintiff erroneously argues in his Opposition to Defendants' Motion to Dismiss that "[w]hile the Defendants filed a motion to dismiss, they did not file a responsive pleading to Plaintiff's claim and therefore Plaintiff is entitled to file the instant [A]mended [C]omplaint without leave of [this] [C]ourt." (*See* Doc. 16, Plaintiff's Opposition, Pg. 6). In support thereof, Plaintiff relies upon the 1994 holding of *Hill v. City of Indianapolis*, 17 F.3d 1016, 1018 (7th Cir. 1994) and the 1983 holding of *Schnabel v. Bldg. & Const. Trades Council of Philadelphia & Vicinity, AFL-CIO*, 563 F. Supp. 1030 (E.D. Pa. 1983). Plaintiff's problem, however, is that neither case accurately represents the current law. While it is true that both cases hold that a

4

motion to dismiss does not terminate the right to file an amended complaint, it is also true that both cases were decided under the prior version of FRCP 15(a).

FRCP 15(a) was amended in 2009 by the Civil Rules Advisory Committee. Thus, Plaintiff's reliance on pre-2009 case law interpreting the pre-2009 version of FRCP 15(a) is misplaced. As noted in *Martinelli v. Morrow*, 2010 WL 2278152, *1 n2 (N.D. Fla. June 3, 2010), "[a]lthough the amended Rule 15(a) currently permits a plaintiff to amend the complaint ***once as a matter of course within 21 days of either a responsive pleading <u>or a Rule 12(b) motion</u>***, the prior version of the rule permitted an amendment as of course ***once prior to a responsive pleading***." (emphasis added).

As Professor Hauser explains, in her well reasoned article on the 2009 amendment:

> The [prior] rule allowed…pleadings to be amended once as a matter of course until the pleader was served with a responsive pleading. Because motions are not responsive pleadings, the right to amend under this version of Rule 15(a)(1)(A) was not terminated by the filing of any motion, including the ubiquitous motions for extensions of time and Rule 12(b) motions to dismiss.

Susan E. Hauser, <u>The 2009 Amendment to Federal Rule 15(a)(1) - A Study in Ambiguity</u>, 33 N.C. Cent. L. Rev. 10, 20 (2010). As Professor Hauser points out, the Advisory Committee Notes regarding the 2009 amendment make clear that: "[T]he Committee intended ***to eliminate the distinction between responsive pleadings and Rule 12 motions***, with the result that the right to amend once as a matter of course now ends twenty-one days after service of the earliest motion under Rule 12(b), (e), or (f)." Susan E. Hauser, <u>The 2009 Amendment to Federal Rule 15(a)(1) - A Study in Ambiguity</u>, 33 N.C. Cent. L. Rev. 10, 25 (2010)(emphasis added). Professor Hauser's observation stands upon clear authority as the Advisory Committee Notes regarding the 2009 amendments to FRCP 15(a) do indeed provide that: "[T]he right to amend once as a matter of course ***terminates 21 days after service of a motion under Rule 12(b)***, (e), or

5

(f). ***This provision will force the pleader to consider carefully <u>and promptly</u> the wisdom of amending to meet the arguments in the motion***." Fed. R. Civ. P. 15, Advisory Committee Notes, 2009 Amendments (emphasis added).

Thus, it is clear that Plaintiff did not have the right to amend the complaint as a right. It was untimely under the rules.

> **B.     Plaintiff's Should not be Allowed to Amend his Complaint because its Use as Authority to Argue the Motion to Remand and Motion to Dismiss is Improper.**

Setting aside the untimely nature of Plaintiff's Amended Complaint, Defendants further note that Plaintiff's proposed use of the Amended Complaint is also improper. The various recent pleadings make clear that the Plaintiff seeks to amend the Complaint as a means of supporting his motion to remand and as a method of opposing the Defendants Motion to Dismiss.

As was noted in Defendants' Opposition to Plaintiff's Motion to Remand, the new allegations and/or claims included in the Amended Complaint may not be considered in determining if Defendants properly removed this action. "The propriety of the removal of a lawsuit from state to federal court is determined *as of the time of removal. See, e.g., Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939) (asserting that the validity of removal is 'to be determined according to the plaintiffs' pleading at the time of the petition for removal'); *Merritt Boulevard, Inc. v. Dep't of Permits & Dev. Mgmt.,* 60 F. App'x 944, 945 (4th Cir.2003) (asserting that a 'court considers the complaint at the time of removal to determine if removal was appropriate in the first place')." *B.A. v. Prince George's Cnty., Maryland*, 2010 WL 4225710, *2 (D. Md. Oct. 26, 2010). Thus, Plaintiff's attempt to have this Court consider the new allegations and/or claims of the Amended Complaint to resolve the issue of whether

removal was proper is plainly inappropriate and this Court's consideration of the Amended Complaint for such purposes is barred as a matter of law.

The same is true with respect to Plaintiff's attempt to have this Court consider his Amended Complaint for purposes of resolving Defendants' Motion to Dismiss. It is true that this Court has held that "[i]n deciding a motion to dismiss, a court may rely not only on the allegations of the complaint, but also on the contents of any documents it refers to that are integral to the allegations." *Hanifee v. Bd. of Educ. of Kent Cnty.*, 2010 WL 723772, *3 (D. Md. Feb. 24, 2010). However, this Court has also held that "[o]rdinarily a plaintiff cannot rely on allegations not made in the actual complaint to survive a motion to dismiss." *Loren Data Corp. v. GXS, Inc.*, 2011 WL 3511003, *6 (D. Md. Aug. 9, 2011). Thus, Plaintiff's attempt to rely upon or to argue the merits of new allegations and/or claims that were not before Defendants when Defendants filed their Motion to Dismiss may not be considered by this Court as a matter of law.

"Generally speaking, an amended complaint supersedes its predecessor and moots any attacks to the first complaint." *Eastep v. Newman*, 2013 WL 1721609, *2 (M.D. Ga. Apr. 22, 2013). However, it is axiomatic that a plaintiff responding to a motion to dismiss must decide whether to respond by filing an amended complaint or an opposition to the motion to dismiss. There is no basis in the law for a plaintiff to do both. Plaintiff cannot demand that Defendants both respond to his Amended Complaint and all of the new allegations and/or claims while simultaneously demanding that Defendants respond to his Opposition to Defendants' Motion to Dismiss. This is particularly true here where Plaintiff's Opposition to Defendants' Motion to Dismiss fails to argue the merits of Plaintiff's original Complaint as required and, instead, argues the merits of both the original Complaint and the Amended Complaint.

To wit, Plaintiff's Opposition to Defendants' Motion to Dismiss argues as follows: (1) "That the Plaintiff has filed an amended complaint pursuant to Rule 15A"; (2) "That that (sic) amended complaint clearly sets forth causes of action for bad faith, negligence, breach of contract, malpractice, breach of fiduciary duty"; (3) "That those claims against the aforesaid Defendants state a cause of action"; and (4) "That the Defendants' Motion to Dismiss should be denied…." (*See* Doc. 16, Plaintiff's Opposition, Pg. 2). This is grossly improper for the reasons already stated.

Consequently, the Motion to Strike should be granted. Amendment of the Complaint would be more appropriately considered, upon a properly filed motion, after the Motion to Remand and the Motion to Dismiss are decided.

### III. CONCLUSION

Inasmuch as Plaintiff's Amended Complaint is untimely and has absolutely no proper purpose with respect to Plaintiff's Motion to Remand and/or Defendants' Motion to Dismiss (which are currently pending before this Court), Defendants respectfully request that this Court grant Defendants' Motion to Strike Plaintiff's Amended Complaint.

In the alternative, Defendants respectfully request that this Court stay its consideration of the Amended Complaint until after it has resolved Plaintiff's Motion to Remand and Defendant's Motion to Dismiss. In accordance with that request, Defendants would ask that this Court make clear that Defendants' obligation to respond to Plaintiff's Amended Complaint would not run until 14 days after the date this Court enters its orders to determine Plaintiff's Motion to Remand or Defendants' Motion to Dismiss (whichever is later).

Respectfully submitted,

           /s/_____
Patricia McHugh Lambert
Federal Bar No.:  02539
Email:  plambert@pklaw.com
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204
410-938-8800
410-832-5600 (fax)


           /s/_____
Kambon R. Williams
Federal Bar No.:  29872
Email:  kwilliams@pklaw.com
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204
410-938-8800
410-832-5600 (fax)

*Counsel for Defendants*

## CERTIFICATION OF MAILING

I HEREBY CERTIFY that on this 20th day of May, 2013 a copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Remand was filed via ECF and mailed via first-class mail, postage prepaid, to:

John F.X. Costello
Costello & Edwards, LLC
5845 Allentown Road
Camp Springs, MD 20746
***Attorney for Plaintiff***

_____/s/_____
Patricia McHugh Lambert

10

603946-1