**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| SEAN D. COOK | : |
| Plaintiff | : |
| v. | : Civil Case No. PWG-13-cv-00882 |
| NATIONWIDE INSURANCE COMPANY, et al. | : |
| and/or | : |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : |
| and/or | : |
| NATIONWIDE GENERAL INSURANCE COMPANY | : |
| and | : |
| ERIC C. HITZEL | : |
| and | : |
| ANDREW B. GREENSPAN | : |
| and | : |
| THE LAW OFFICES OF ANDREW B. GREENSPAN | : |
| | : |
| Defendants | : |

## MEMORANDUM OF POINTS AND AUTHORITIES

The Defendants, Nationwide and their employees, and attorneys, request the Honorable Court to strike Plaintiff's amended complaint purportedly filed 14 days late.

The Defendants rely on F.R.C.P. 12(f)(2).

The Defendants propose alternative arguments:

1. That the amended complaint is untimely by 14 days.

2. That it would be improper for the court to consider the allegations in the amended complaint as a basis for Plaintiff's opposition to Defendants' pending motion to dismiss the complaint and/or Plaintiff's pending motion to remand.

Neither Rule 12(f)(2) nor Defendants' alternative arguments stand for the proposition that:

1. The amended complaint must be stricken; or

2. That the amended complaint should be stricken.

Rule 12(f)(2) states, in pertinent part, entitled,

> "MOTION TO STRIKE - The court <u>may</u> strike from a pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter. The court may act: 1) on its own; or 2) on motion made by a party either before responding to the pleading or, if a response is not allowed within 20 days after being served with a pleading."

The Plaintiffs concede that the amended complaint was filed 14 days late pursuant to Rule 15(a)(1)(b) as amended in 2009. Importantly, however, despite the fact that Rule 15(a)(1)(b) was amended to require unilateral filings of the amended complaints within 21 days of a motion to dismiss in 2009, the Federal Rules Committee did not change Rule 12(f)(2).

That is, that rule has always stood for the proposition that the court may, rather than shall, strike certain pleadings.

It has been universally accepted in the law that the term "may" means discretionary, permissive, not mandatory. See *Moraitis v. Delaney, 46 F.Supp. 425, modified 136 F.2d 129 (DMD 1942); Rockland Cas. Ins. Co. v. Universal Employees Fund, 385 Md. 99, 867 A.2d 1026 (2005)*; ('may' does not mean 'must'); *Spencer v. Maryland State Board of Pharmacy, 380 Md. 515, 846 A.2d 341 (2004)* ('may connotes permissive, discretionary factor).

The Defendants also contend that the amended complaint should not be allowed because Plaintiff is using that pleading as a basis to oppose the Defendants' motion to dismiss and/or to support Plaintiff's motion to remand.

Initially, there is no authority for the proposition that a Plaintiff cannot amend a complaint either in the face of a pending motion to dismiss, or to ask leave of court to file an amended complaint after the granting of a motion to dismiss in these circumstances.

In urging the court that the amended complaint be stricken the Defendant basically overlooks the mandate of Rule 15(a)(2)...

> "The court should freely give leave (to amend) when justice so requires."

Justice certainly requires leave to amend here where the Defendant is moving to dismiss because of a lack of clarity of Plaintiff's state court complaint. The amended complaint simply supplies the clarity that the Defendants have requested in its motion to dismiss.

Again, Defendants fail to cite to the court that Rule 12(f) provides for the striking of am amended complaint because it clarifies the factual basis upon which Plaintiff basis his claim. A fair reading of Rule 12(f) indicates that that rule is designed to empower the court to strike impertinent or scandalous pleadings, not an amended complaint which further clarifies the factual basis upon which suit has been based.

The fact that an amended complaint may be used as a basis to defeat a motion to dismiss does not mean that it should be stricken.

Nor does Rule 12(f) mandate that such a pleading be stricken at all.

For the foregoing reasons it is respectfully requested that the Honorable Court deny the Defendants' Motion to Strike Amended Complaint.

COSTELLO & EDWARDS, LLC

By: /s/John F.X. Costello
    John F.X. Costello, #04153
    5845 Allentown Road
    Camp Springs, MD 20746
    (301) 925-9080

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 6th day of June, 2013, a copy of the Memorandum of Points and Authorities in support of Opposition to Motion to Strike Amended Complaint was electronically filed and served upon:

Kambon Raymond Williams, Esquire
Patricia McHugh Lambert, Esquire
Pessin Katz Law, P.A.
901 Dulaney Valley Road
Suite 400
Towson, MD 21204

                                             /s/John F.X. Costello